MEMORANDUM **
Plaintiff-Appellant Peter Rollins (“Rollins”) appeals the district court’s grant of summary judgment in favor of DefendantAppellee Raymond Mabus, Secretary of the Navy (“the Navy”). We reverse.
1. In ruling on the Navy’s motion for summary judgment, the district court properly precluded consideration of any claim except for Rollins’s Title VU race discrimination claim. Rollins’s original complaint alleged Title VII discrimination and retaliation claims along with several tort claims. The Navy moved to dismiss all but Rollins’s race discrimination claim. Rather than oppose the motion to dismiss, Rollins filed a Statement of Non-Opposition. Rollins then stipulated to a dispositive order that dismissed with prejudice “all claims against all defendants except plaintiffs claim for discrimination under Title VII against Raymond E. Mabus, Secretary of the Navy, based on plaintiff being charged with AWOL and receiving a Decision on his Proposed Suspension.” By not opposing the motion to dismiss and agreeing to the dispositive order, Rollins abandoned all claims except for his Title VII discrimination claim. Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 888 (9th Cir.2010) (“A plaintiff who makes a claim ... in his complaint, but fails to raise the issue in response to a defendant’s motion to dismiss ..., has effectively abandoned his claim, and cannot raise it on appeal.”).
2. The district court erred when it granted summary judgment in favor of the Navy on Rollins’s sole remaining claim. Rollins established a prima facie case of race discrimination under the McDonnell Douglas burden-shifting framework. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct 1817, 36 L.Ed.2d 668 (1973). Although the Navy articulated a legitimate non-discriminatory reason for charging Rollins with AWOL and proposing a fourteen-day suspension, Rollins’s opposition raised a triable issue of material fact that the Navy’s reason was pretextual. Viewing all facts in the light most favorable to Rollins, both Salvador Araujo and Robert Kremer were, similarly situated individuals who were treated more favorably than Rollins for similar misconduct. Comparator “employees need not be identical, but must be similar in material respects.” Earl v. Nielsen Media Research, Inc., 658 F.3d 1108, 1114 (9th Cir.2011); see also Vasquez v. Cnty. of Los Angeles, 349 F.3d 634, 641 (9th Cir.2003) (holding that “individuals are similarly situated when they have similar jobs and display similar conduct.”). Here, Rollins, Araujo, and Kremer were all federal civilian police officers who violated their employer’s leave policies, which Rollins argued served the same purpose of ensuring an adequate work *620 force. Although Araujo and Kremer both amassed a substantial record of excessive sick leave over several months, each received only a warning letter that was explicitly “not a disciplinary action.” By contrast, Rollins’s failure to obtain prior approval for one day of leave resulted in a charge of AWOL and notice of fourteen-day suspension. Whether Araujo and Kremer were “similarly situated” is a material “question of fact” that must be answered by a jury. Earl, 658 F.3d at 1116.
Further, the district court erroneously found that Rollins’s “insubordination” was an “additional basis for his suspension” and for “distinguishing him from Araujo and Kremer.” Rollins’s notice of proposed suspension did not mention “insubordination,” and the human resources employee who reviewed the notice stated in her deposition that insubordination was not a reason provided to Rollins for his suspension. Therefore, it was disputed whether Rollins was treated less favorably than Araujo and Kramer and whether insubordination justified the adverse employment actions at issue. Given these material factual disputes, the district court erred in granting summary judgment in favor of the Navy.
AFFIRMED in part, REVERSED in part, and REMANDED.
The parties shall bear their own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.